## City of Philadelphia, to use, v. Deardon et al.

T. *Burns Drum* and *Boyd Lee Spahr*, of *Ballard, Spahr, Andrews & Ingersoll*, for petitioner.

*Henry M. Dubbs, Jr.*, contra.

DAVIS, P. J., March 3, 1933.—On April 12, 1923, the City of Philadelphia, to the use of N. Joseph McHugh, filed a footway paving claim against a lot on the

south side of Cayuga Street, in the City of Philadelphia, the then owner being one of the defendants, George W. Deardon. On May 9, 1923, a sci. fa. issued on the above claim, which was posted and made known to the then owner, George W. Deardon, on August 2, 1923. On August 23, 1923, George W. Deardon filed his affidavit of defense. On October 26, 1923, plaintiff filed rules, one for judgment for an amount which plaintiff claimed was admitted to be due, and another for judgment for want of a sufficient affidavit of defense. It appears from the docket entries that these rules were not disposed of, and no judgment has been entered against the defendant Deardon.

On January 9, 1933, the petition of the Philadelphia Life Insurance Company for leave to intervene as a party defendant was granted, and on the same date a petition for rule to strike off the municipal lien was filed.

On April 3, 1928, plaintiff filed a suggestion of nonpayment and averment of default, although, as we have above stated, neither at that time nor at any subsequent time down to the present rule has plaintiff's claim been reduced to judgment.

The question raised by the present rule is: Is an averment of default sufficient to revive the lien of a municipal footway paving claim where no judgment has been recovered on the claim within a period of five years from the date of the original sci. fa.?

The Act of May 16, 1923, P. L. 207, Sec. 15, provides the mode of procedure to revive tax claims and other claims. It is therein provided:

"Such tax, municipal, or other claim, if filed within the period aforesaid, shall remain a lien upon said properties until fully paid and satisfied: Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed in cases of tax claims, either before or after judgment on the scire facias, and in cases of other than tax claims after judgment on the scire facias, or else a writ of scire facias, in the form herein provided, be issued to revive the same, within each period of five years following—(a) the date on which said claim was filed, (b) the date on which a writ of scire facias was issued thereon, (c) the date on which any judgment was entered thereon, (d) the date on which a previous suggestion of nonpayment and default was filed thereon, or (e) the date on which a judgment of revival was obtained thereon. . . . The filing and indexing of such suggestion and averment within five years of filing the claim or the issuing of any writ of scire facias thereon, or of any judgment thereon, or of the filing of any prior suggestion and averment of default, shall have the same force and effect, for the purposes of continuing and preserving the lien of the claim, as though a writ of scire facias had been issued or a judgment or judgment of revival had been obtained within such period. . . .

"If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the time aforesaid, its lien on real estate shall be wholly lost."

The procedure prescribed by the Act of 1923 to revive a claim differs in the cases of tax claims and in cases of other than tax claims after judgment on the sci. fa. Revival of a lien in cases of tax claims is by the issuance of a suggestion of nonpayment and averment of default, regardless of whether judgment has been recovered on the sci. fa. But in all other cases such a suggestion of nonpayment and averment of default should be used only *after* judgment on the sci. fa. To revive the lien of a municipal claim prior to judgment, it provides for the issuance of a writ of sci. fa.

The plaintiff in the instant case did not follow the procedure set forth in the act. The lien is the creature of statute, and if the directions of the statute have

not been complied with, the right to the lien does not exist: Penna. Trust Co. *v.* Jones, 35 Pa. Superior Ct. 53.

In Township of Coal *v.* Mauser, 8 Northumb. L. J. 325, it was said:

"The Act of 1923 makes a clear distinction between tax, municipal and other claims, and prescribes the conditions under which liens for these respective claims may be continued. . . . By this provision [Sec. 15] a suggestion of non-payment and an averment of default is not effective to continue a municipal lien until 'after judgment on the scire facias.' There is no such judgment in the instant case and the suggestion is therefore premature and of no effect."

The defendant's rule to strike off the municipal lien is made absolute.